380 A.2d 496

## In re CUSTODY OF MINOR CHILDREN OF Leonard and Mary FEINGOLD.

### Appeal of Leonard FEINGOLD.

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided Dec. 2, 1977.

Leonard Feingold, in pro. per.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This appeal is taken from the lower court's order holding appellant in civil contempt for failing to comply with the terms of an order of support. We reverse.

On March 4, 1976, appellee Mary Feingold filed a petition for modification of appellant's visitation rights. Concurrently, she filed a petition for contempt in which she contended that appellant had violated the lower court's December 1, 1975 visitation order. A rule to show cause was issued on each petition, and a consolidated hearing was scheduled for March 15, 1976.

At the hearing, appellee was permitted, over objection, to introduce testimony concerning appellant's failure to comply with the lower court's prior order of *support*. Appellant owed approximately $5000 in arrearages. Pursuant to appellee's oral request, the lower court found appellant in contempt for failing to comply with the support order. In default of payment of the arrearages, appellant was committed to the Montgomery County Prison.

Appellant correctly contends that he was entitled to prior notice, in the form of a rule to show cause, of the charges against which he would have to defend. *Commonwealth ex rel. Magaziner v. Magaziner*, 434 Pa. 1, 253 A.2d 263 (1969); *Simmons v. Simmons*, 232 Pa.Super. 365, 335 A.2d 764 (1975). The order of the lower court is therefore reversed.[1]

1. The lower court apparently recognized its error and therefore, on August 3, 1976, entered an order revoking its prior order of contempt

and discharging appellant. The instant appeal was filed March 18, 1976, and the writ of certiorari was filed in the lower court on April 5, 1976. The effect of the appeal was to remove the entire record from the lower court, and nothing could thereafter be done except in compliance with the appellate rules or an order or decision of this court. *Cox v. Cox,* 391 Pa. 572, 137 A.2d 779 (1958).