414 A.2d 1075

Kathleen J. HOBLACK, Appellant,

v.

Ronald Edward HOBLACK.

Superior Court of Pennsylvania.

Argued Oct. 25, 1978.

Filed Nov. 21, 1979.

Robert L. Saunders, Bradford, for appellant.

Thomas W. King, III, Butler, for appellee.

Before CERCONE, President Judge, and WIEAND and LIPEZ, JJ.

CERCONE, President Judge:

This is an appeal from the Order of the Court of Common Pleas of Butler County denying appellant's petition for increase in support and granting appellee's petition for reduction. We vacate the Order for the reduction in support and reinstate the award entered prior to the hearing in Butler County.

The parties, Kathleen and Ronald Hoblack, were divorced in 1976, by a decree entered in McKean County. Pursuant to that decree, Kathleen received custody of the parties' minor daughter, and Ronald was ordered to pay support for

their daughter in the amount of $150.00 every two weeks.[1] In July, 1977, appellant, Kathleen Hoblack, filed a complaint in support in McKean County for arrearages of $150.00 and to maintain the support at $75.00 per week. The action was brought under the Pennsylvania Civil Procedural Support Law,[2] and was certified to Butler County where appellee, Mr. Hoblack, resides. Ronald was served on October 19, 1977, and the hearing on the complaint took place on November 1, 1977 in Butler County. Prior to that time, Mr. Hoblack had not filed an answer to appellant's complaint. However, on the day of the hearing, he appeared and was represented by counsel who presented the court with a petition for reduction of support which the hearing judge considered. Mrs. Hoblack was not present at the hearing, but she alleges she was "represented" by an officer from the domestic relations office in Butler County. The domestic relations officer, however, merely called the case. After briefly examining the reciprocal petitions, the hearing judge took notice that Mr. Hoblack's salary was approximately $16,800 while Mrs. Hoblack's salary was in excess of $12,000. On the basis of the mother's earning capacity the judge reduced the support award to $40.00 per week and compromised the arrearages, which, by that time, had amounted to $300.00, at $150.00.

On appeal, Mrs. Hoblack raises three issues: first, whether the trial court erred in reducing the support award; second, whether Mr. Hoblack's request for a reduction in support was properly before the court; and third, whether Mrs. Hoblack was denied her due process rights since she had no notice of her former husband's petition for reduction of support and, therefore, had no opportunity to appear and be heard on it. We need only consider the second issue which is dispositive of the case.

1. Ronald argued that the decree required him to pay $300.00 per month and not $150.00 every two weeks, a matter not clarified in the record before us.

2. 62 P.S. §§ 2043.31–2043.43 (1968).

Under the Pennsylvania Civil Procedural Support Law in effect at that time, the proper procedures to be followed in the filing of complaints are as follows. First, all complaints were to be processed through the Domestic Relations Division of the individual counties.[3] The responding court was then to docket the complaint and set a time and place for the hearing. 62 P.S. § 2043.43(a). The complaint was then to be served "by registered mail or by an adult person or by any other manner provided by law." 62 P.S. § 2043.35(d). It is only after these procedures were followed that the hearing could be held.

When applying these procedures to the instant case, it is clear that Mrs. Hoblack's complaint for support was properly before the Butler County Court; the complaint was properly transferred to Butler County, docketed and served on Mr. Hoblack. 62 P.S. §§ 2043.35(d), 2043.40. However, Mr. Hoblack's petition for reduction of support was never transmitted through the Domestic Relations Division of either Butler or McKean counties, nor was it ever served on his ex-wife. To the contrary, it was presented in open court on the day of the hearing and as a matter of record, not docketed until a month after the hearing. Under these circumstances we cannot conclude that Mr. Hoblack's Petition for Reduction of Support was properly before the Butler County court.

It is true that in failing to appear or have counsel represent her at the hearing on her complaint, Mrs. Hoblack risked having her complaint dismissed. However, without notice of the petition for reduction, she had no reason to anticipate that support for the children would be reduced. In this respect the instant case is similar to *In re Custody of Minor Children of Feingold*, 251 Pa.Super. 297, 380 A.2d 496

**3.** See 62 P.S. § 2043.34(a) which reads:
"In every judicial district of the Commonwealth, there shall be a Domestic Relations Division for the purpose of keeping a full and complete record of all support proceedings, which shall process all complaints received from an initiating county or from an initiating state which has adopted the Uniform Reciprocal Enforcement of Support Act."

(1977). There, a petition was filed for the modification of appellant's visitation rights with respect to a custody order. A second petition was filed alleging appellant was in contempt of the visitation order. A consolidated hearing was held where the court allowed evidence concerning appellant's failure to comply with a *support* order, and the lower court held appellant in contempt for that failure. We reversed, holding that appellant was entitled to notice of the charges against which he would have to defend prior to the hearing.

This principle is applicable to the case before us. Appellant cannot be held to have waived rights regarding a petition about which she had no notice. Just as our courts strictly enforce the filing and service requirements set forth in our Rules of Civil Procedure, so we must enforce the necessary procedures to be followed in order to notify a party in support actions. The petition for reduction of support was not properly before the Butler County Court and should not have been considered.

Accordingly, the order of the lower court is vacated and the previously outstanding order of court is reinstated.